# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN KING, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2277-KHV |
| ) | |
| LARRY G. MICHEL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion For Leave To File Evidence Under Seal For Show Cause Order (Doc. #6) filed June 26, 2019. For reasons stated below, the Court overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Plaintiff asks the Court to seal several documents and audio recordings, but he does not specifically explain how his interest in non-disclosure of the information outweighs the public interest in open courts.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  On the present record, the Court overrules plaintiff's motion to seal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Leave To File Evidence Under Seal For Show Cause Order (Doc. #6) filed June 26, 2019 is **OVERRULED**.

Dated this 9th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
