# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JONATHAN C. KING,

    Plaintiff,

v.

LARRY G. MICHEL, et al.,

    Defendants.

Case No. 19-2277-DDC-TJJ

## MEMORANDUM AND ORDER

After providing plaintiff several opportunities to allege federal subject matter jurisdiction properly, he still fails to assert any facts establishing that this court has jurisdiction over this lawsuit. The court thus dismisses this case without prejudice for lack of subject matter jurisdiction.

## I. Background

On August 26, 2016, Mr. Jonathan C. King filed a lawsuit against his former employer, the Rib Crib BBQ Inc. Doc. 10 at 7. Mr. King's allegations included racial discrimination and retaliation under Title VII of the Civil Rights Act. *Id.* at 15. Larry G. Michel of Kennedy Berkley Yarnevich & Williamson Chartered was Mr. King's counsel in that case. *Id.* The case was voluntarily dismissed on December 14, 2017, after Mr. King reached a settlement agreement with the Rib Crib. *Id.* at 2, 4.

On June 5, 2019, plaintiff filed a pro se Complaint naming his former attorney Larry G. Michel and Kennedy Berkley Yarnevich & Williamson Chartered as defendants. Doc. 1 at 1. Mr. King's allegations against his former counsel include civil rights violations as well as allegations that the defendant "owed a duty to provide competent and skillful representation" and

that the defendant breached that duty by "acting carelessly and making numerous mistakes." *Id.* at 3.

On June 10, 2019, Judge Teresa James granted Mr. King's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(1)(1). Doc. 4 at 1. In her Order granting the motion, however, Judge James noted the deficiencies in Mr. King's Complaint. She thus ordered Mr. King to show good cause by June 26, 2019, why the court should not dismiss the lawsuit for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. *Id.* Plaintiff filed a response to the court's show cause order (Doc. 5) and a supplement (Doc. 10). But the court cannot find anything in these documents that provides a basis for federal subject matter jurisdiction.

For reasons explained below, plaintiff's filings still fail to establish any basis for federal subject matter jurisdiction. The court thus dismisses the case without prejudice.

## II. Legal Standard

Because plaintiff was granted leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii). This screening requires that the court dismiss the complaint if it fails to state a claim upon which relief may be granted. The standard of review for § 1915(e)(2)(B)(ii) dismissals is the same standard applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failing to state a claim. *Schwartz v. N.M. Corr. Dep't Prob. & Parole*, 384 F. App'x. 726, 729 (10th Cir. 2010).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement . . . showing that the pleader is entitled to relief[.]" The plaintiff must provide the "grounds of his entitlement to relief," which requires more than mere conclusory statements; a

"formulaic recitation" of the elements of a cause of action is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The court must find that the actual allegations presented in a complaint are enough to "raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing *Twombly*, 550 U.S. at 555 (2007)).

**III. Analysis**

Two federal statutes confer subject matter jurisdiction on federal district courts: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (emphasis in original); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When a dispute over a federal court's subject matter jurisdiction is raised, the plaintiff has the burden of demonstrating that jurisdiction is proper. *Kansas v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017).

The court recognizes that plaintiff proceeds pro se in this lawsuit. Thus, the court must construe his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). If a pro se plaintiff has alleged facts almost stating a cognizable claim but is lacking an "important element that may not have occurred to him, [he] should be allowed to amend his complaint." *Id.* (internal citations omitted). But, this does not relieve the plaintiff of his burden to demonstrate a legally cognizable cause of action. *Id.* Even under the

most liberal construction, Mr. King's pleadings supply no basis for subject matter jurisdiction under either federal statute.

## A.  28 U.S.C. § 1331 Federal Question Jurisdiction

### 1.  Alleged Constitutional Rights Violations

Under federal question jurisdiction, a plaintiff must assert a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts may exercise jurisdiction if a plaintiff's right to recover under their complaint will be either sustained or defeated based upon the construction given to the Constitution and laws of the United States. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal citations omitted).

Here, Mr. King alleges that the defendant violated his constitutional rights. Doc. 1 at 3; Doc 5 at 2. Although he never cites 42 U.S.C. § 1983, that federal statute provides a cause of action for alleged constitutional violations. 42 U.S.C. § 1983. But it applies only to persons acting under color of state law. *Id.*; *see also Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (citation and internal quotation marks omitted)).

Mr. King alleges no facts to state a plausible constitutional violation, nor does he allege that the defendant exercised any power by virtue of state law. Mr. King merely makes conclusory statements alleging that his constitutional rights were violated. For example, in response to the court's show cause order, Mr. King states that he was "not allowed due process due to deceit by the defendant," that "[f]ederal question jurisdiction is the subject matter for jurisdiction[,]" and that he "feel[s] [his] Constitutional rights and federal law has been violated."

4

Doc. 5 at 2. Mr. King fails to provide any specific grounds supporting his request for relief or describe any facts demonstrating how his civil or constitutional rights were violated. Even when afforded the most liberal construction, none of Mr. King's filings allege that the defendant is a state actor or that the defendant was acting under color of state law. Thus, Mr. King has not asserted a federal cause of action.

## 2. State Law Claims

Mr. King states a cause of action for neglect and conflict of interest against the defendant, alleging that his attorney "owed a duty to provide competent and skillful representation" and that he "breached his duty by acting carelessly and by making numerous mistakes[.]" Doc. 1 at 3; *see also* Doc. 5 at 2 (responding to the court's show cause order with further criticisms of his attorney's behavior in the underlying employment discrimination lawsuit). These allegations present a legal malpractice claim, which generally constitutes both a breach of contract and a tort cause of action. *Sylvia v. Wisler*, 875 F.3d 1307, 1314 (10th Cir. 2017) (citing *Pancake House, Inc. v. Redmond*, 716 P.2d 575, 578 (Kan. 1986)). Both causes of action are governed by state law. *Id.* All factual allegations in both Mr. King's Statement of Claim (Doc. 1) and in Mr. King's response to the court's show cause order (Doc. 5) seem designed to support a legal malpractice claim. *See* Doc. 5 at 2 (claiming that the defendant did not give plaintiff a copy of depositions, lied to the Internal Revenue Service, lost witness statements, and directed plaintiff away from pre-settlement loan companies). Because Mr. King's allegations of legal malpractice are governed by Kansas law, he has thus failed to present a federal question. Therefore, this court lacks authority to exercise federal subject matter jurisdiction over his state law claim.

## B. 28 U.S.C. § 1332 Diversity Jurisdiction

To invoke diversity jurisdiction, Mr. King must show the amount in controversy exceeds $75,000, and that complete diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). As Judge James explained in her Order to Show Cause, district courts do not have original jurisdiction over a case where a citizen of a state files suit against another citizen of that state. Doc. 4 at 3 (citing 28 U.S.C. § 1332(a)(2)). This means that the plaintiff must allege that he and all defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A person is domiciled in a state when the person both resides there and intends to remain there indefinitely. *Id.* The party seeking to invoke diversity jurisdiction "bears the burden of proving its existence by a preponderance of the evidence." *Id.* (internal citations omitted).

Mr. King alleges that he is a Kansas citizen. Doc. 1 at 2. Yet, Mr. King also alleges that defendant Larry G. Michel is a citizen of the state of Kansas. *Id.* And he alleges that Kennedy, Berkley, Yarnevich, & Williamson is also a Kansas citizen, *id.*, but he provides no facts to support that assertion.[1] Here, plaintiff has not established diversity of citizenship sufficient for

---

[1] To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). The United States Supreme Court has defined a corporation's "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Newsome*, 722 F.3d at 1267 (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010)). If the business is an unincorporated entity, its citizenship is determined by the citizenship of each one of its members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990))); *see also Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like

this court to exercise diversity jurisdiction. To the contrary, he alleges no diversity exists here because both Mr. King and Mr. Michel are Kansas citizens.

Moreover, in response to the court's show cause order, Mr. King claims that his damages amount to $70,983. Doc. 5 at 2. From these alleged facts, the court concludes that diversity of citizenship does not exist. Although the court has provided plaintiff many chances to assert diversity jurisdiction, he has alleged no facts establishing that either of the defendants' citizenship is diverse from plaintiff's citizenship. And, the amount in controversy does not exceed $75,000. The court therefore lacks federal diversity jurisdiction.

**IV. Conclusion**

Plaintiff filed this lawsuit on June 5, 2019. The court has warned him that his filings fail to invoke federal subject matter jurisdiction, and has given him opportunities to correct the deficiencies. Based on the facts alleged—*i.e.*, plaintiff accuses his attorney of legal malpractice—the court fails to understand how these facts could support a federal cause of action that confers federal question jurisdiction on the court. Also, based on the facts that plaintiff has alleged about the parties' citizenship, no diversity jurisdiction exists here. The court thus dismisses plaintiff's lawsuit without prejudice for lack of subject matter jurisdiction.

Plaintiff has also filed a Motion for Hearing on Show Cause Order. Doc. 7. D. Kan. Rule 7.2 provides: "The court may set any motion for oral argument or hearing at the request of a party or on its own initiative." After reviewing plaintiff's written submissions, the court finds that oral argument will not assist its work, and thus, a hearing is not necessary. Exercising its discretion, the court denies plaintiff's Motion for Hearing.

---

every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

7

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Hearing on Show Cause Order (Doc. 7) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of October 2019, at Kansas City, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**